UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ADAM,<br><br>            Plaintiff,<br><br>    v.<br><br>CHILD PROTECTIVE SERVICES, et al.,<br><br>            Defendants. | No.  2:14-cv-2091 MCE GGH PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
4  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

5      A complaint must contain more than a "formulaic recitation of the elements of a cause of
6  action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8  "The pleading must contain something more ... than ... a statement of facts that merely creates a
9  suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal
10 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft
12 v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.
13 Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
14 the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
15 <u>Id.</u>

16     Pro se pleadings are liberally construed. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92
17 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).
18 Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
19 proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
20 See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

21     The complaint is difficult to decipher but appears to allege that Child Protective Services
22 ("CPS") used false allegations of domestic violence and lied about plaintiff's limited income and
23 mental health diagnosis in order to remove his children from his home. He seeks to have his
24 children returned to him and his wife immediately.

25     The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
26 unable to determine whether the current action is frivolous or fails to state a claim for relief. The
27 court has determined that the complaint does not contain a short and plain statement as required
28 by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a

1  complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
2  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
3  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
4  claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),
5  the complaint must be dismissed.  The court will not grant leave to file an amended complaint
6  because it is not clear that amendment would cure the defects for the following reasons.

7        The attachments to the complaint indicate that a protective custody warrant was issued in
8  regard to plaintiff's child on April 14, 2014.  It is inappropriate for a federal court to interfere in
9  this family law matter pending in state court.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir.
10 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising
11 from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th
12 Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights).
13 Disputes regarding child custody and visitation are domestic relations matters traditionally within
14 the domain of the state courts, and it is appropriate for federal district courts to abstain from
15 hearing such cases, especially when there are ongoing state judicial proceedings.  Coats, 819 F.2d
16 at 237.  In this case, it is unclear whether the state judicial proceedings are ongoing or concluded;
17 however, if they are ongoing, plaintiff has an adequate opportunity to raise his constitutional
18 claims in the state courts.[1]

19       If the state court proceedings are no longer ongoing, but have resolved adversely to
20 plaintiff, there is still no federal jurisdiction which would permit this court to interfere.
21 Plaintiff's allegations of errors in the state court are barred by the Rooker–Feldman doctrine
22 because they expressly entail review of a state court's prior judgment.

23       A federal district court does not have jurisdiction to review legal errors in state court
24 decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303,

---

[1] The undersigned is aware of Atwood v. Fort Peck Tribal etc., 513 F.3d 943 (9th Cir. 2008) in which the Ninth Circuit, without citing Coats, determined that the domestic relations exception applied only in actions where jurisdiction was predicated upon diversity of citizenship. Such is not the case here. However, this case at bar, ostensibly based on 42 U.S.C. Section 1983, and/or the Americans with Disabilities Act, is indistinguishable from Coats, and the undersigned must apply this earlier authority which has never been overruled or disapproved.

1311–1312, 75 L.Ed.2d 206 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415, 44 S. Ct. 149, 150, 68 L.Ed. 362 (1923).  This doctrine has not aged well with time.  In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker–Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the <u>Markham</u> dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the <u>Rooker–Feldman</u> doctrine. See <u>Lance v. Dennis</u>, 546 U.S. 459, ——, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

<u>Marshall v. Marshall</u>, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752, 164 L.Ed.2d 480 (2006) (Stevens, J. dissenting).  However, while consigning <u>Rooker–Feldman</u> to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

> Rooker–Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517, 161 L.Ed.2d 454.

<u>Lance v. Dennis</u>, 546 U.S. 459, 464, 126 S. Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) <u>quoting</u> <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005).

The 9th Circuit has also clarified the doctrine in <u>Noel v. Hall</u>, 341 F.3d 1148 (9th Cir. 2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, is barred by <u>Rooker–Feldman</u> because the federal court lacks subject matter jurisdiction.  <u>Id.</u> at 1164.  If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, <u>Rooker–Feldman</u> does not bar jurisdiction.  <u>Id.</u>  But even if a federal plaintiff is expressly seeking to set aside a state court judgment, <u>Rooker–Feldman</u> does not apply unless a legal error by the state court is the basis for that relief.  See <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1140 (9th Cir. 2004).

/////

Rooker–Feldman survives enough to require dismissal of this case. See Parlante v. Peterson, 323 Fed. Appx. 529 (9th Cir. 2009), dismissing on Rooker–Feldman grounds a federal follow-up to a state court parental rights case. The attachments to the complaint refer to a protective custody warrant issued on April 14, 2014 for Kattalla Adam, a twenty-two month old female, who is plaintiff's child. (ECF No. 1 at 8, 11.) A declaration in support of the warrant recommends that the warrant be issued. (Id. at 10-16.) A juvenile pendency petition was filed on April 25, 2014 for Olivia Adam, plaintiff's child. (Id. at 23-28.) This filing suggests that the state court case is either ongoing or concluded. Most importantly, the complaint seeks an injunction to remove the child from the protective custody ordered by the state court and place the child back with the father.

Based on the complaint and its attachments, this court is without jurisdiction to act either because plaintiff's family law matter is ongoing in state court and is barred by abstention principles, or because plaintiff seeks to appeal a state court decision and is barred by the Rooker–Feldman doctrine.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims. Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice, and

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | Dated: October 22, 2014
4 | /s/ Gregory G. Hollows
5 | UNITED STATES MAGISTRATE JUDGE
6 | GGH:076/Adam2091.14-fr